IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,

      Plaintiff,                                   Criminal No. 11-0042-003
                                                Civil Case No. 13-01150
      v.                                      **ELECTRONICALLY FILED**

MARCUS ALLEN,

        Defendant.


## <u>MEMORANDUM ORDER RE: PRO SE DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255 (DOC. NO. 1262)</u>

Presently before this Court is a *pro se* Motion to Vacate under 28 U.S.C. § 2255.  Doc.

No. 1262.  Defendant was indicted for one count of conspiracy to distribute and possession with

intent to distribute one kilogram or more of heroin, a schedule I controlled substance, in violation

of 21 U.S.C. § 846.  Doc. Nos. 1 and 143.

On December 22, 2011, the Court granted Defendant's Consent Motion to Schedule a

Consolidated Guilty Plea and Sentencing Hearing and scheduled a consolidated change of plea

and sentencing hearing for May 7, 2012.  Doc. Nos. 495, 497, and 499.  As indicated in

Defendant's Consent Motion, the United States and Defendant had reached an agreement with

respect to a proposed plea agreement which included a stipulated sentence pursuant to Federal

Rule of Criminal Procedure 11(c)(1)(C) of: 96 months imprisonment; a term of supervised

release of 3 years; no fine; and a special assessment of $100.00.  Doc. No. 495.  Defendant's

hearing was rescheduled at his request.  Doc. Nos. 692 and 693.

On August 9, 2012, Defendant appeared before this Court and knowingly and voluntarily

changed his plea to guilty to a lesser included offense at count one of the Superseding Indictment

of conspiracy to distribute and possession with intent to distribute less than 100 grams of a mixture or substance containing a detectable amount of heroin. Doc. No. 881. The Court accepted Defendant's plea agreement during the change of plea portion of the hearing and therefore, the sentencing hearing proceeded based upon the parties' stipulated sentence and Defendant was sentenced to 96 months imprisonment to be followed by 3 years of supervised release. Doc. No. 883.

On August 8, 2013, the Court received a *pro se* Motion to Vacate under 28 U.S.C. § 2255 in which Defendant moves this Court to "correct" his sentence because of his attorney's alleged failure to attempt to secure a more favorable plea deal. Doc. No. 1262. Defendant's Motion must be denied because Defendant waived his appellate rights, including the right to file for relief pursuant to 28 U.S.C. § 2255. Specifically, Defendant's plea agreement included the following:

> Marcus Allen waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:
> (a)     If the United States appeals from the sentence, Marcus Allen may take a direct appeal from the sentence.
> (b)     If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Marcus Allen may take a direct appeal from the sentence.
> Marcus Allen further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any collateral proceeding attacking his conviction or sentence.

None of these exceptions apply and therefore, Defendant does not have the right to appeal his conviction or sentence.

The Court also notes that it conducted an extensive inquiry during Defendant's change of plea and sentencing hearing and determined both that Defendant was aware of his rights to a jury trial and to appeal and the consequences of waiving those rights. Defendant directly

acknowledged that he understood that he generally had the right to appeal unless he gave up that right and acknowledged that he was giving up that right per the plea agreement. Doc. No. 958, 10 and 22 ("THE COURT: In summary, do you understand that you're giving up your right to file an appeal except as I've stated as well as your right to file for habeas corpus relief and to attack your sentence in any other collateral proceeding? THE DEFENDANT: Yes, Your Honor."). Defendant also expressed that he was completely satisfied with his attorney's advice and representation. Id. at 18. The Court also thoroughly explained the nature of a stipulated sentence pursuant to Fed. R. Crim. P. 11(c)(1)(C) and explained that if the plea agreement was accepted, he would be sentenced to the stipulated sentence. Defendant agreed that the Government's summary of the plea agreement including that stipulated sentence was accurate. Id. at 21. Defendant signed the plea agreement and confirmed that it was his signature on the document. Id. at 12. Therefore, because Defendant knowingly waived his right to appeal, his Motion must be denied.

AND NOW, this 12th day of August 2012, IT IS HEREBY ORDERED THAT Defendant's *pro se* Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 1262) is **DENIED**.


s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc:     All Registered ECF Counsel and Parties

Mr. Marcus Allen
No. 32830068
SCI Pittsburgh
P.O. Box 99991
Pittsburgh, PA
15233

3