IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MARCUS ALLEN,

      Defendant.

Criminal No. 11-0042-003
**ELECTRONICALLY FILED**

## MEMORANDUM ORDER RE: *PRO SE* DEFENDANT'S MOTION TO CORRECT ENHANCED SENTENCE FOR PLAIN ERROR (DOC. NO. 1315)

Presently before this Court is *pro se* Defendant's Motion to Correct Enhanced Sentence for Plain Error. Doc. No. 1315. Defendant contests the enhancement to his offense level because he was classified as a "career offender." Id.

The procedure history of this case, as previously set forth in this Court's Memorandum Order of Court Denying Defendant's *Pro Se* Motion to Vacate, is as follows:

> On December 22, 2011, the Court granted Defendant's Consent Motion to Schedule a Consolidated Guilty Plea and Sentencing Hearing and scheduled a consolidated change of plea and sentencing hearing for May 7, 2012. Doc. Nos. 495, 497, and 499. As indicated in Defendant's Consent Motion, the United States and Defendant had reached an agreement with respect to a proposed plea agreement which included a stipulated sentence pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) of: 96 months imprisonment; a term of supervised release of 3 years; no fine; and a special assessment of $100.00. Doc. No. 495. Defendant's hearing was rescheduled at his request. Doc. Nos. 692 and 693.

On August 9, 2012, Defendant appeared before this Court and knowingly and voluntarily changed his plea to guilty to a lesser included offense at count one of the Superseding Indictment of conspiracy to distribute and possession with intent to distribute less than 100 grams of a mixture or substance containing a detectable amount of heroin. Doc. No. 881. The Court accepted Defendant's plea agreement during the change of plea portion of the hearing and therefore, the sentencing hearing proceeded based upon the parties' stipulated sentence and Defendant was sentenced to 96 months imprisonment to be followed by 3 years of supervised release. Doc. No. 883.

The Court denied Defendant's Motion to Vacate under 28 U.S.C. because his plea agreement contained appellate rights waiver provisions and because Defendant knowingly, intelligently, and voluntarily waived his right to appeal during his change of plea hearing (except in certain circumstances that do not apply to either motion). Doc. No. 1264. Defendant appealed the Court's Order denying his Motion to Vacate. Doc. No. 1276. The United States Court of Appeals for the Third Circuit directed the Court to issue a certificate of appealability or state reasons why a certificate of appealability should not issue. Doc. No. 1282. The Court issued a Memorandum Order stating that no certificate of appealability should issue and providing rationale why it would not. Doc. No. 1283. In December 2013, the United States Court of Appeals for the Third Circuit denied Defendant's request for a certificate of appealability based upon the appellate waiver provisions contained in his plea agreement and because Defendant "has not shown that reasonable jurists would find the District Court's decision debatable or wrong." Doc. No. 1309.

Defendant now moves this Court to resentence him based upon a reduced offense level that does not include any career offender enhancement.  Doc. No. 1315.  Defendant was sentenced to 96 months imprisonment because of a stipulated sentence, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(c), that he and the Government agreed to and the Court accepted after a thorough colloquy during the change of plea hearing.  This was a substantially reduced sentence from the advisory guideline range of 151 to 188 months imprisonment, which was based upon an offense level of 29 and a criminal history category of VI.  Therefore, the Court did not consider Defendant's status as a career offender in determining Defendant's sentence, because the Court sentenced Defendant to the term of imprisonment that he and the Government agreed to.  Further, as previously noted, Defendant has waived his right to appeal his sentence.  Nothing in Defendant's present Motion affects this knowing and valid waiver.

AND NOW, this 9th day of July, 2014, IT IS HEREBY ORDERED THAT Defendant's *pro se* Motion to Correct Enhanced Sentence for Plain Error (Doc. No. 1315) is **DENIED**.  To the extent that Defendant's Motion is one pursuant to 28 U.S.C. § 2255 and he would request a certificate of appealability, said request is denied for the same reasons previously set forth in the Memorandum Order of Court re: Certificate of Appealability.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   All Registered ECF Counsel and Parties

Mr. Marcus Allen
No. GD-5516
SCI Pittsburgh
P.O. Box 99991
Pittsburgh, PA
15233