IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARCUS ALLEN,

    Defendant.

Criminal No. 11-0042-003
**ELECTRONICALLY FILED**

## ORDER OF COURT RE: DEFENDANT'S *PRO SE* MOTION TO TRANSFER (DOC. NO. 1354)

On August 9, 2012, Defendant was sentenced by this Court to a term of imprisonment of 96 months for his role in a heroin distribution conspiracy. Doc. No. 883. Presently before this Court is a letter written by Defendant to this Court, in which Defendant requests that this Court rescind its earlier request that the Bureau of Prisons incarcerate Defendant as close to Atlanta, Georgia as possible, and order that Defendant be incarcerated as close to Pittsburgh, Pennsylvania as possible, so that Defendant's family may visit him. Doc. No. 1354. It appears that Defendant is presently being incarcerated at the State Correctional Institution at Pittsburgh. Doc. No. 1354-1. The Court will construe Defendant's letter as a motion, but notifies Defendant that any future correspondence with the Court must be in the form of a motion, which must be mailed to the Clerk of Court.

During Defendant's sentencing hearing, his Counsel emphasized that the "top paramount consideration" would be to place Defendant in an institution that would provide him access to appropriate treatment for substance abuse issues and mental health considerations. Doc. No. 958, 40. Counsel noted that Defendant also wished to be able to maintain a relationship with his family, who planned to move to Atlanta, Georgia. Id. at 41. In response to these requests, the

Court requested that the Bureau of Prisons "assign the Defendant to a facility in the Atlanta area which can provide him the necessary mental health treatment that he needs." Id. at 42.

The Court notes that classification and designation functions for the Bureau of Prisons are centralized at the Designation and Sentence Computation Center ("DSCC"). The BOP is solely responsible for determining where an offender will be designated to serve his/her sentence. As noted by the BOP, "any request for transfer must originate with an inmate's institution unit team at his or her current facility. The DSCC evaluates referrals submitted by institution staff and makes decisions based on the information provided by the institution. Inmates are encouraged to work closely with members of their institution unit team to determine if transfer to a facility closer to their release residence may be possible." See Program Statement P5100.08 "Inmate Security Designation and Custody Classification"; http://www.bop.gov/inmates/custody_and_care/designations.jsp. Therefore, because the BOP has exclusive control over Defendant's place of incarceration, Defendant's Motion to Transfer (Doc. No. 1354) is **DENIED**. To the extent that any further recommendation is appropriate, the Court does not object to Defendant's incarceration at a facility as close as possible to Pittsburgh, Pennsylvania, if consistent with Defendant's classification and his need for drug and mental health treatment.

SO ORDERED, this 2nd day of March, 2015,

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

Marcus Allen 32830068
SCI Pittsburgh P.O. Box 99991
Pittsburgh, PA 15233